# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# CHATTANOOGA DIVISION

**CREATURE, LLC,**

      Plaintiff,

v.

      CASE NO. __1:26-cv-00189__

**KELLI MCDANIEL-BROWN,**

      Defendant.

## COMPLAINT

Plaintiff Creature, LLC, by and through undersigned counsel, submits the following Complaint against Defendant Kelli McDaniel-Brown, demonstrating as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Creature, LLC ("**Creature**") is an Alabama limited liability company organized, with a principal place of business, and whose members all are natural persons who reside in the State of Alabama.

2. For purposes of diversity of citizenship, Creature is a citizen of the State of Alabama.

3. Defendant Kelli McDaniel-Brown ("**Defendant**") is an individual who is a citizen and resident of Ooltewah, Hamilton County, Tennessee. Upon information and belief, Brown may be personally served at her personal address of 7415 Country Hill Lane, Ooltewah, Hamilton County, Tennessee, or wherever she may be found.

4. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this matter given the diversity of citizenship between Creature and Defendant and the fact the amount in controversy is greater than $75,000.00, exclusive of interests and costs.

5. Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this dispute because the conduct giving rise to Creature's claims for relief occurred in Hamilton County, Tennessee and Bradley County, Tennessee.

6. Accordingly, jurisdiction and venue are proper in this Court.

## FACTUAL BACKGROUND

### I.  GENERAL BACKGROUND

7. Creature is a general contractor that specializes in the provision of construction services to commercial entities and larger-scale residential developments.

8. In 2025, Creature was selected as the general contractor in the construction of a rehabilitation hospital facility located in Cleveland, Bradley County, Tennessee (the "***Project***").

9. Upon information and belief, Defendant is the president and primary or sole shareholder, principal, and chief executive officer (CEO) of a contractor known as McDaniel & Son Construction Co., Inc. ("***McDaniel***").

10. In 2025, Creature entered into a subcontract with McDaniel in which McDaniel agreed to perform work on the Project. A copy of the subcontract is attached as **EXHIBIT 1**.

11. In the subcontract, McDaniel agreed, *inter alia*, to pay suppliers for materials provided and pay subcontractors for work performed in furtherance of the Project and to only submit applications for payment to Creature associated with costs incurred in connection with the Project. *Id.*

### II.  THE JANUARY PAYMENT APPLICATION

12. On or about January 20, 2026, McDaniel submitted an application for payment to Creature, seeking a progress payment for work on the Project (the "***January Pay App.***"). A copy of the January Pay App. is attached to this Complaint as **EXHIBIT 2**.

13. In the January Pay App., Defendant personally certified and swore under oath that the proceeds of the payment sought from Creature would be used to satisfy costs incurred by McDaniel

- 2 -

for work, labor, materials or services up to and through January 20, 2026. Defendant specifically represented as follows:

> Certify and represent to Contractor and Owner that all persons, firms, associations, corporations or other entities who have furnished labor, materials, stored materials, equipment or supplies to, for, or on behalf of Releasing Party in connection with Releasing Party's performance or obligations related to the Project **have been paid in full as of the Release Date, including any and all applicable taxes, duties, license fees and royalties, except the following (none unless noted):**

*Id.* (emphasis added).  No exceptions were noted.

14.    In reliance on the representations made by Defendant, Creature paid McDaniel the sum of $113,509.80 with reference to the January Pay App.

15.    Defendant's representations were false when made.  The funds were not used to satisfy several of McDaniel's suppliers or lower-tier subcontractors.  Without limitation, McDaniel failed to pay Vulcan Materials for at least $120,547.84 in materials furnished the Project as a supplier to McDaniel, and McDaniel failed to pay Bradley Tank & Pipe ("Bradley") $191,701.57 for goods, materials and services that Bradley furnished the Project as a subcontractor to McDaniel.

16.    Creature reasonably relied upon Defendant's false representations in paying McDaniel the sum requested in the January Pay App.

17.    Creature has been proximately and foreseeably damaged, and is being forced to pay several of McDaniel's suppliers or lower-tier subcontractors for work that was the subject of the January Pay App. Without limitation, Creature has received payment demands from Vulcan Materials and Bradley Tank & Pipe and has been served with notices that these entities intend to assert liens against the Project.  Under its contract with the Owner of the Project, Creature will be required to satisfy or to bond off liens asserted by McDaniel's unpaid subcontractors and suppliers such as Vulcan Materials and Bradley.

- 3 -

### III.  THE FEBRUARY PAYMENT APPLICATION

18.  On or about February 18, 2026, McDaniel submitted an application for payment to Creature seeking a progress payment for work on the Project (the "***February Pay App.***") A copy of the February Pay App. is attached as **EXHIBIT 3**.

19.  In the February Pay App., Defendant again personally certified and swore under oath that the proceeds of payment from Creature would be used to satisfy costs incurred by McDaniel for work, labor, materials or services through the date of said February Pay App., including the representation by Brown on behalf of McDaniel as follows:

> Certify and represent to Contractor and Owner that all persons, firms, associations, corporations or other entities who have furnished labor, materials, stored materials, equipment or supplies to, for, or on behalf of Releasing Party in connection with Releasing Party's performance or obligations related to the Project **have been paid in full as of the Release Date, including any and all applicable taxes, duties, license fees and royalties, except the following (none unless noted):**

*Id.* (emphasis added).  No exceptions were noted

20.  In direct reliance upon the representations made by Defendant, Creature paid McDaniel the sum of $415,528.20 with reference to the February Pay App.

21.  Defendant's representations in the February Pay App. were false when made. The funds were not used to satisfy numerous of McDaniel's suppliers or lower-tier subcontractors, including without limitation Vulcan Materials and Bradley Tank & Pipe.

22.  Creature reasonably relied upon Brown's false representations in paying McDaniel for the February Pay App.

23.  Creature has been proximately and foreseeably damaged, and is being forced to pay numerous of McDaniel's suppliers or lower-tier subcontractors for work that was the subject of the February Pay App. and to satisfy or bond off any liens that might ensue.

4934-9008-2236

24. While, upon information and belief, Defendant was at all times acting in her capacity as president and as an agent, shareholder, principal and/or officer of McDaniel, she nevertheless has personal liability for the damages and injuries suffered by Creature in light of her documented fraudulent misrepresentations and demonstrable bad faith.

## III. ADDITIONAL CLAIMS

25. Beyond the amounts specified above, Creature continues to receive demands from subcontractors hired by Defendant and McDaniel to perform work on the Project whom McDaniel did not pay.

26. As with the January Pay App. and February Pay App., Defendant fraudulently and/or negligently represented she and/or McDaniel paid such subcontractors and/or suppliers prior to submitting any applications for payment. This includes, without limitation, B&B Stell Erection Co., Inc., who filed suit against McDaniel, Creature, and others in the General Sessions Court of Bradley County, Tennessee on July 8, 2026, seeking damages in excess of $6,908 associated with McDaniel's non-payment for services rendered as part of the Project. *See* **EXHIBIT 4**.

## CLAIMS FOR RELIEF

### I. FRAUD AND FRAUDULENT INDUCEMENT

27. Creature adopts and incorporates by reference the averments set forth in the preceding paragraphs as if specifically stated verbatim herein.

28. Defendant is liable to Creature for fraud and/or fraud in the inducement. Defendant represented in both the January Pay App. and February Pay App. that "all persons, firms, associations, corporations, or other entities who have furnished labor, materials, stored materials, equipment or supplies to, for, or on behalf of [McDaniel] in connection with [McDaniel's] performance or obligations related to the Project have been paid in full" as of the date Defendant knowingly signed and submitted the January Pay App. and February Pay App.

- 5 -

29. Defendant's representations were demonstrably, materially, and objectively false; known by Defendant to be false; and made for the sole or primary purpose of inducing Creature to pay the requested sums to McDaniel and/or Defendant.

30. Creature relied upon Defendant's false representations and did, in fact, pay the sums requested in the January Pay App. and February Pay App. to McDaniel.

31. As a result of Defendant's fraudulent acts, Creature has been damaged in excess of $529,038.00. But for Defendant's fraudulent representations, the said $529,038.00 would not have been paid or released to McDaniel.

32. Defendant knew her representations were false and misleading at the time they were made and made the representations recklessly without belief in their truth.

33. Creature would not have paid funds to McDaniel and/or Defendant had it known the false nature of the representations and statements made by the Defendant.

34. Creature reasonably relied upon Defendant's representations and nondisclosures and suffered damages, for which Creature is now forced to bring suit.

35. Creature now seeks a judgment against Defendant for the full amounts paid to McDaniel as a result of Defendant's fraudulent representations along with pre- and post-judgment interest and the imposition of a constructive trust on all funds Defendant received from McDaniel as a result of Creature's payment of the January Pay App. and February Pay App. and any proceeds of such funds. Creature also seeks judgment against Defendant for costs and expenses incurred by Creature in responding to and in settling or resolving claims by McDaniel's unpaid subcontractors and suppliers, as these costs and expenses were incurred as a direct result of McDaniel's failure to pay those subcontractors and suppliers.

4934-9008-2236

## II.  NEGLIGENT MISREPRESENTATION

36.     Creature adopts and incorporates by reference the averments set forth in the preceding paragraphs as if specifically stated verbatim herein.

37.     Defendant is liable to Creature for negligent misrepresentation. Defendant owed a duty to be honest and truthful in making representations to Creature which were designed to cause Creature to make progress payments to McDaniel.  Defendant breached this duty and made materially false statements and representations to Creature with the effect of inducing Creature to pay funds requested with the January Pay App. and February Pay App.

38.     Defendant acted negligently at the time she made the materially false statements and representations in the course of business, profession, or employment or in a transaction in which she had a direct or indirect pecuniary (as opposed to a gratuitous) interest in that she deviated from or failed to exercise a reasonable standard of care in obtaining and communicating the false statements, representations, and affirmations to Creature as set forth in this Complaint.

39.     Creature relied upon Defendant's false statements and representations by way of paying the funds requested by the January Pay App. and February Pay App.

40.     Given the subcontractors and suppliers discussed in the January Pay App. and February Pay App. were directly in contact with Defendant and/or McDaniel, Creature was not aware of the falsity of Defendant's statements and representations upon which Creature relied at the time it paid funds to McDaniel in accordance with the January Pay App. and February Pay App.

41.     Accordingly, Creature's reliance upon Defendant's false statements and representations was reasonable under the circumstances and information known and available to Creature.

- 7 -

42. Creature would not have paid funds to McDaniel had it known of the false nature of the representations and statements made by Defendant in the January Pay App. and February Pay App.

43. Creature's reliance upon the false statements and representations was or should have been foreseeable to Defendant, and Creature exercised reasonable care.

44. As a direct and proximate result of the false statements and representations by Defendant, Creature has suffered damages in excess of $529,038.00.

45. Creature now seeks a judgment for the full amounts paid to McDaniel as a result of Defendant's negligent misrepresentations along with pre- and post-judgment interest and the imposition of a constructive trust on all funds Defendant received from McDaniel as a result of Creature's payment of the January Pay App. and February Pay App. and any proceeds of such funds.

### III. PUNITIVE DAMAGES

46. Creature adopts and incorporates by reference the averments set forth in the preceding paragraphs as if specifically stated verbatim herein.

47. As demonstrated above, Defendant acted fraudulently, intentionally, and maliciously made false statements and representations to Creature affirming McDaniel paid, *inter alia*, all suppliers and subcontractors associated with the work related to the January Pay App. and February Pay App.

48. Alternatively, Defendant acted recklessly in making the demonstrably false statements to Creature contained in the January Pay App. and February Pay App.

49. While Tennessee law generally does not permit an award of punitive damages associated with the breach of a contract, it does permit an award of punitive damages when the breach of a duty in contract or in tort arises from tortious conduct proven by clear and convincing evidence to be intentional, fraudulent, malicious, or reckless. *See Lindenberg v. Jackson Nat'l Life Ins. Co.*, 912 F.3d 348, 362 (6th Cir. 2018).

- 8 -

50.     In light of Defendant's conduct, Creature is entitled to an award of punitive damages in order to punish Defendant for her egregious and fraudulent conduct in accordance with Tenn. Code Ann. § 29-39-104.

## **<u>PRAYER FOR RELIEF</u>**

In light of the foregoing, Plaintiff Creature, LLC respectfully prays this Court enter a judgment in favor of Creature awarding:

A.  Compensatory damages of at least $529,038.00;

B.  Applicable pre-judgment interest;

C.  Applicable post-judgment interest;

D.  Punitive damages associated with Defendant's intentional, fraudulent, malicious, and/or reckless conduct;

E.  Attorney's fees and costs of litigation; and

F.  Any and all other and further relief this Court deems appropriate under applicable law.

Respectfully submitted this **9th** day of **July**, **2026**.

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**

633 Chestnut St., Ste. 1900
Chattanooga, TN 37450
(423) 209-4211 | (423) 756-3447 FAX
jsveadas@bakerdonelson.com
dmullins@bakerdonelson.com

*/s/ Derek W. Mullins*
JUSTIN M. SVEADAS, TN BPR # 022305
DEREK W. MULLINS, TN BPR # 036135

*Counsel for Plaintiff
Creature, LLC*

- 9 -